# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRUCE ESLEY WITHEROW, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 15-CV-442-JHP-PJC |
| DAWSON CAIN; GLEN McCLINTOCK; STEVEN SILVER, | ) |
| Defendants. | ) |

## OPINION AND ORDER

On August 10, 2015, Plaintiff, a pretrial detainee currently in custody at the Washington County Detention Facility, located in Bartlesville, Oklahoma, and appearing pro se, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1), and a motion to proceed in forma pauperis (Dkt. # 2). By Order filed August 12, 2015 (Dkt. # 3), the Court granted Plaintiff's motion to proceed in forma pauperis and directed him to pay an initial partial filing fee. On September 3, 2015, Plaintiff paid the initial partial filing fee in compliance with the Court's directive. See Dkt. # 5. For the reasons discussed below, the complaint fails to state a claim upon which relief may be granted and shall be dismissed without prejudice.

**A.  Screening/Dismissal standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). To avoid dismissal for

failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**B.    Plaintiff seeks improper relief**

In his complaint, Plaintiff states that his "constitutional rights are being openly & obviously violated through the 4th, 8th, & 14th amendments. 4th: illegal search & seizure/ 8th: excessive bail/ 14th: due process of law." (Dkt. # 1 at 2). Based on those allegations, Plaintiff identifies one (1) cause of action, as follows:

> Count I:    4th Amendment: drugs mysteriously found, yet drugs were <u>not</u> listed on search warrant.  8th Amendment: my bond is $500,000.  14th Amendment: there isn't a law library here.  Unable to assist attorney.

<u>Id.</u>  Plaintiff also attaches two (2) handwritten pages to his complaint containing additional statements of fact.  <u>See id.</u> at 3-4.  In his prayer for relief, Plaintiff asks that "all charges [be] dismissed.  At least the trafficking charge which will cause me to die in prison.  And for the citizens of Bartlesville, OK, to have Ofc. Silvers investigated by the F.B.I."  <u>Id.</u> at 5.

Plaintiff's requests for relief are improper.  First, Plaintiff's request that "all charges [be] dismissed" is not an available remedy in a civil rights action.  The Supreme Court has made clear that a "§ 1983 action will not lie when a state prisoner challenges the fact or duration of his confinement and seeks either immediate release from prison or the shortening of his term of confinement."  <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 79 (2005) (quoting <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 482, 489 (1973)) (internal citations and punctuation omitted). Instead, prisoners must seek either federal habeas corpus relief or relief under state law.  <u>Id.</u> at 78.

Plaintiff also asks that the F.B.I. investigate Officer Silver.  <u>See</u> Dkt. # 1 at 5.  The Court finds Plaintiff's requested relief is legally frivolous.  The initiation of a criminal investigation by state or federal officials is a discretionary act, and the federal courts do not have the power to order the undertaking of discretionary acts. <u>Cf.</u> <u>Jafree v. Barber</u>, 689 F.2d 640, 643 (7th Cir. 1982).

Because the only relief sought by Plaintiff is improper or legally frivolous, the Court finds the complaint fails to state a claim upon which relief may be granted. For that reason, the complaint shall be dismissed without prejudice.

**C. First "prior occasion" under 28 U.S.C. § 1915(g)**

As noted above, Plaintiff has been granted leave to proceed in forma pauperis. In addition, his complaint fails to state a claim upon which relief may be granted. As a result, the complaint shall be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal shall count as Plaintiff's first "prior occasion" under § 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**D. Filing fee obligation**

As a final matter, Plaintiff is reminded that he remains obligated to pay in monthly installments the full filing fee for this case. See 28 U.S.C. § 1915(b).

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Plaintiff's complaint (Dkt. # 1) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted.

2. The Clerk is directed to **flag** this dismissal as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

3. Plaintiff remains obligated to pay in monthly installments the balance of the **$350** filing fee for this case.

4. A separate judgment shall be entered in this matter.

**DATED** this 19th day of October, 2015.

James H. Payne
United States District Judge
Northern District of Oklahoma